OLF3 *(Official Local Form 3)*
*Effective December 1, 2017*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

    **Frank M. Rosati**
    **Mary E. Rosati**
              Debtor(s)

Case No.: **18-40003**
Chapter 13

## CHAPTER 13 PLAN

*Check one.* This plan is:
- [ ] Original
- [x] **FIRST** Amended *(Identify First, Second, Third, etc.)*
- [ ] Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*

Date this plan was filed: **6/18/18**

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### PART 2: PLAN LENGTH AND PAYMENTS

**A. LENGTH OF PLAN:**

- [x] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- [ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

- [ ] ____ Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

_____

**B. PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|

| $100.00 | 36 |
|---|---|

## C. ADDITIONAL PAYMENTS:

*Check one.*

☑ None. *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**  **$3,600.00**
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

# PART 3: SECURED CLAIMS

☑ None. *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

## A. CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:

*Check one.*

☑ None. *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*

## B. MODIFICATION OF SECURED CLAIMS:

*Check one.*

☑ None. *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*
☐ Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below. *Complete 1, 2, and/or 3 below.*

**(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

☑ None. *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

*The following Plan provisions of this Part 3.B.1 are effective only if the box "Included" in Part 1, Line 1.1 is checked.*

The Debtor(s) requests that the Court determine the value of the lien of the following secured claim(s). For each secured claim listed below, the Debtor(s) states that the amount of the secured claim is as set out in the column headed "Secured Claim Amount." For each listed claim, the allowed amount of the secured claim will be paid in full with interest at the rate stated below, and the creditor will retain its lien to the extent of the value of the lien securing the creditor's allowed secured claim.

Unless the Court orders otherwise, the amount of a modified secured claim held by a nongovernmental creditor, as described in this Plan and treated below, is binding on the creditor and the Debtor(s) upon confirmation of this Plan, even if the creditor has filed a Proof of Claim setting forth a different amount.

Unless the Court orders otherwise, the amount of a secured claim of a governmental unit listed in an allowed Proof of Claim controls over any contrary amount listed below. The amount of a secured claim of a governmental unit may NOT be determined through this Plan.

An allowed claim of a creditor whose claim is secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditor's interest, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of the allowed claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim in Part 5 of this Plan. If the secured claim amount is listed below as having NO value, the creditor's allowed claim will be treated in its entirety as an unsecured claim in Part 5 of this Plan.

*In the description of collateral, include the registry of deeds/land court recording information for any real property for which you are modifying a secured claim.*

| Name of Creditor | Description and Value of Collateral | Secured Claim Amount | Amount of Senior Liens | Interest Rate | Total Claim |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**Total Claim(s) under Part 3.B.1 to be paid through this Plan: $0.00**

**(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

[✓] None. *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

**(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

[✓] None. *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

**C.    SURRENDER OF COLLATERAL:**

*Check one.*

[✓] None. *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

## PART 4:                                      PRIORITY CLAIMS

*Check one*

[✓] None. *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

[ ] The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.

**A.    DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.    OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: **$0.00**

**C.    ADMINISTRATIVE EXPENSES:**

**(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| Herbert Weinberg 550415 | $1,845.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

**(2) OTHER *(Describe)*:**

| |
|---|
| -NONE- |

Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: **$1,845.00**

**(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

| PART 5: | NON PRIORITY UNSECURED CLAIMS |
|---|---|

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☐ Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.

☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $___, which the Debtor(s) estimates will provide a dividend of ___%.
☑ Fixed Percentage: each creditor with an allowed claim shall receive no less than **0** % of its allowed claim.

A. **GENERAL UNSECURED CLAIMS:**                                $0.00

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Ditech/Green Tree | Real Estate Mortgage 10 Anniversary Way, Billerica, MA 01821 | $209,377.00 |
| Ocwen Loan Servicing | | $71,260.00 |

C. **NONDISCHARGEABLE UNSECURED CLAIMS** (*e.g., student loans*):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

D. **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

E. **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority unsecured Claims [A + B + C + D]: $0.00

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $1,085.00

F. **SEPARATELY CLASSIFIED UNSECURED CLAIMS** (*e.g., co-borrower*):

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |
|---|---|

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |
|---|---|

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |
|---|---|

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*

1. **The Debtor will sell the house within the next 6 months.**

| PART 9: | SIGNATURES |
|---|---|

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

/s/ Frank M. Rosati                June 18, 2018
**Frank M. Rosati**                Date
Debtor

/s/ Mary E. Rosati                 June 18, 2018
**Mary E. Rosati**                 Date
Joint Debtor

/s/ Herbert Weinberg               Date  June 18, 2018
Signature of attorney for Debtor(s)
**Herbert Weinberg 550415**
**550415**
**Rosenberg & Weinberg**
**805 Turnpike Street**
**North Andover, MA 01845**
**(978) 683-2479**
**hweinberg@jrhwlaw.com**

The following Exhibits are filed with this Plan:
☑ **Exhibit 1: Calculation of Plan Payment***
☑ Exhibit 2: Liquidation Analysis*
☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits: 8**

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | $0.00 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $0.00 |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | $1,845.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $0.00 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $1,085.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | $2,930.00 |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $3,255.55 |
| i) | Divide (h), Cost of Plan, by term of Plan, **36** months: | $90.43 |
| j) | Round up to the nearest dollar amount for Plan payment: | 100.00 |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:*

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin: _____

EXHIBIT 2

LIQUIDATION ANALYSIS

## A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 10 Anniversary Way Billerica, MA 01821 Middlesex County Recorded land cert. #32860 Recorded 12-27-96 | 358,615.00 | 0.00 | 0.00 |

| | |
|---|---|
| Total Value of Real Property (Sch. A/B, line 55): | $ 358,615.00 |
| Total Net Equity for Real Property (Value Less Liens): | $ 358,615.00 |
| Less Total Exemptions for Real Property (Sch. C): | $ 0.00 |
| Amount Real Property Available in Chapter 7: | $ 358,615.00 |

## B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 2003 Chevy LT Blazer 180,000 miles | 2,500.00 | 0.00 | 0.00 |

| | |
|---|---|
| Total Value of Motor Vehicles (Sch. A/B, line 55): | $ 2,500.00 |
| Total Net Equity for Motor Vehicles (Value Less Liens): | $ 2,500.00 |
| Less Total Exemptions for Motor Vehicles (Sch. C): | $ 0.00 |
| Amount Motor Vehicle Available in Chapter 7: | $ 2,500.00 |

## C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| Miscellaneous household goods and furnishings | 2,500.00 | 0.00 | 0.00 |
| 4 TVs, Stereo, 2 cell phones | 300.00 | 0.00 | 0.00 |
| Baseball card collection; US quarters (50 states); Patriots train set | 200.00 | 0.00 | 0.00 |
| Men's and Women's Apparel | 300.00 | 0.00 | 0.00 |
| 2 wedding rings; necklace; diamond earrings | 400.00 | 0.00 | 0.00 |
| Cash | 10.00 | 0.00 | 0.00 |
| Checking Account at Citizens Bank | 48.48 | 0.00 | 48.48 |
| Savings Account Citizens Bank XXX1564 | 304.13 | 0.00 | 304.13 |
| Savings Account - Citizens Bank XXXX4494 | 372.28 | 0.00 | 372.28 |
| Certificates of Deposit - Citizens Bank XXXX7662 | 366.17 | 0.00 | 366.17 |
| TX Maxx Retirement - Receiving $78.00/month - no cash value | 0.00 | 0.00 | 1.00 |
| AARP Life Insurance -Term Beneficiary: Mary Rosati | 0.00 | 0.00 | 1.00 |

| | |
|---|---|
| Total Value of All Other Assets: | $ 4,801.06 |
| Total Net Equity for All Other Assets (Value Less Liens): | $ 4,801.06 |
| Less Total Exemptions for All Other Assets: | $ 1,091.06 |
| Amount of All Other Assets Available in Chapter 7: | $ 0.00 |

## D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | | Amount |
|---|---|---:|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ | 358,615.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ | 2,500.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ | 0.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ | 361,115.00 |

**E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re:

FRANK ROSATI
MARY ROSATI

Debtors

CHAPTER 13
CASE NO. 18-40003

## AFFIDAVIT OF SERVICE OF CHAPTER 13 PLAN

I, Herbert Weinberg, certify that service of a copy of this Plan was made on the creditors and in the manner set forth in the attached list on June 18, 2018.

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and was at all times during the service of a copy of this Plan, not less than 18 years of age and not a party to the matter concerning which service was made.

I declare that the foregoing is true and correct under penalty of perjury.

DATED: June 18, 2018

**Via First Class Mail**
Frank M. Rosati
Mary E. Rosati
10 Anniversary Way
Billerica, MA 01821

**Via ECF**
Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

**Via ECF**
Denise M. Pappalardo
P. O. Box 16607
Worcester, MA 01601


/s/ Herbert Weinberg
Herbert Weinberg
BBO#550415
Rosenberg & Weinberg
805 Turnpike Street
North Andover, MA 01845
(978) 683-2479
hweinberg@jrhwlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re

FRANK ROSATI,
MARY ROSATI,

Debtors

CHAPTER 13
CASE NO. 18-40003

### CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018 and in accordance with MLBR, Appendix 1, Rule 13-4(b), I served by first-class United States mail a copy of this Plan to the parties listed below and on the attached list:

Frank M. Rosati
Mary E. Rosati
10 Anniversary Way
Billerica, MA 01821

Denise M. Pappalardo
P. O. Box 16607
Worcester, MA 01601

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

DATED: June 18, 2018

By The Debtor
Frank & Mary Rosati
By theirAttorney

/s/ Herbert Weinberg
Herbert Weinberg, BBO #550415
Rosenberg & Weinberg
805 Turnpike Street
North Andover, MA 01845
(978) 683-2479
hweinberg@jrhwlaw.com

```
Label Matrix for local noticing          Worcester                                Ditech Financial LLC fka Green Tree Servicin
0101-4                                   U. S. Bankruptcy Court                   P.O. Box 6154
Case 18-40003                            595 Main Street                          Rapid City, South Dakota 57709-6154
District of Massachusetts                Worcester, MA 01608-2060
Worcester
Mon Jun 18 10:06:35 EDT 2018

Ditech/Green Tree                        Harmon Law Office                        Korde and Associates
ATTN: Bankruptcy                         150 California Street                    321 Billerica Road Suite 210
P.O. Box 6172                            Newton, MA 02458-1005                    Chelmsford, MA 01824-4100
Rapid City, SO 57709-6172


Ocwen Loan Servicing                     The Bank of New York Mellon              Denise M. Pappalardo
1661 Worthington Road Suite 100          c/o Ocwen Loan Servicing, LLC            P. O. Box 16607
ATTN: Research/Bankruptcy Dept.          Attn: Bankruptcy Department              Worcester, MA 01601-6607
West Palm Beach, FL 33409-6493           PO Box 24605
                                         West Palm Beach, FL 33416-4605


Frank M. Rosati                          Herbert Weinberg                         Mary E. Rosati
10 Anniversary Way                       Rosenberg & Weinberg,                    10 Anniversary Way
Billerica, MA 01821-2909                 805 Turnpike St., Suite. 201             Billerica, MA 01821-2909
                                         North Andover, MA 01845-6122


Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608-2361
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Ditech Financial LLC                  (u)The Bank of New York Mellon Trust Company,    End of Label Matrix
                                                                                          Mailable recipients    12
                                                                                          Bypassed recipients     2
                                                                                          Total                  14
```